Wangdue v. Holder

BIA
Vomacka, IJ
A087 468 106

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SONAM WANGDUE, AKA SONAM WANGDU
> *Petitioner,*

v.                                    12-3762
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jason A. Nielson, Of Counsel, Mungoven & Associates, P.C., New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Frances W. Fraser, Senior Litigation Counsel; Justin R.

**Markel, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sonam Wangdue, an alleged native and citizen of the Tibetan region of China, seeks review of an August 31, 2012, decision of the BIA, affirming the December 22, 2010, decision of Immigration Judge ("IJ") Alan Vomacka, denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Sonam Wangdue,* No. A087 468 106 (B.I.A. Aug. 31, 2012), *aff'g* No. A087 468 106 (Immig. Ct. N.Y. City Dec. 22, 2010).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (citation omitted).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B);

*see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on discrepancies between Wangdue's testimony and an identity document issued by the Indian government that he used to obtain a visa and enter the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. The agency was not compelled to credit Wangdue's explanation that the document was fraudulent and obtained from a broker to assist in his U.S. visa application because, aside from the location of his birth, the document contained correct identifying information (name, date of birth, address, father's name). *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). On the other hand, crediting Wangdue's explanation that the document was false, the submission of that fraudulent

3

document to obtain immigration benefits alone was sufficient to find him not credible, as the document was not prepared or used to escape persecution. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

The agency identified several other record inconsistencies regarding the dates of Wangdue's employment in India and whether he lost his Tibetan Freedom Movement Book or merely submitted it for renewal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Wangdue did not provide compelling explanations for the inconsistencies. *See Majidi*, 430 F.3d at 80.

Because the agency's adverse credibility determination is supported by substantial evidence, the agency did not err in denying Wangdue asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk